# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SUSAN BERG,

        Plaintiff,

        v.

EQUIFAX DATA BREACH SETTLEMENT and COMMUNITY HEALTH SYSTEMS, INC. CUSTOMER DATA BREACH LITIGATION,

        Defendants.

Case No. 4:24-cv-00018-SLG

## SCREENING ORDER

On May 24, 2024, self-represented plaintiff, Susan Berg, filed a civil complaint, a civil cover sheet, and an application to waive prepayment/payment of the filing fee.[1] The Court has now screened Ms. Berg's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Ms. Berg's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint at Docket 1 is **DISMISSED**. However, Ms. Berg is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order.

---

[1] Dockets 1-3.

## BACKGROUND

Broadly, Ms. Berg alleges Defendants violated contracts and invokes this Court's jurisdiction under "contract violations."[2] The Complaint names two defendants: Equifax Data Breach Settlement and Community Health Systems, Inc. Customer Data Breach Litigation.[3] Ms. Berg's Complaint is handwritten and, in some portions, illegible. However, the Court has gleaned the following five areas of concern by Ms. Berg in her Complaint.

First, the Complaint alleges that her "complaint against Sebman + Company and other requests for reimbursement did not fall into the category of cyber-attack by China, and that any settlement had been given to other family."[4] Second, the Complaint alleges that Ms. Berg's submission to Defendant Community Health System, Inc., Customer Data Breach Litigation "did not meet requirements on medical identity theft, or identity theft"; they did not reimburse her for attorney fees or research; and she disagrees with the Settlement Administration.[5] For support, Ms. Berg submits a claims settlement letter from this Defendant dated February 10, 2021, with an enclosed "partial payment of [her] claimed out-of-pocket costs."[6] Third, the Complaint discusses a class action settlement from the UCLA Health

---

[2] Docket 1 at 1.

[3] Docket 1 at 2.

[4] Docket 1 at 3.

[5] Docket 1 at 3.

[6] Docket 1-1 at 1.

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 2 of 17
Case 4:24-cv-00018-SLG    Document 6    Filed 10/23/24    Page 2 of 17

System and encloses two claim letters in support that she received "free security," but "not much refunded for expenses."[7] Fourth, the Complaint states, "I am concerned about a 'Trust' from by Dad"[8] and "about Chinese or espionage in the trust, and theft."[9] The Complaint alleges that "I think the Trust/The Edward Law Firm are unlawful."[10] In support, Ms. Berg provides the trust instruments prepared for her father, Byron Berg, including the Amendments, which appear to show that she was disinherited.[11] Lastly, the Complaint states "I don't know if Equifax Data Breach Settlement paperwork goes to China, too."[12] The remainder of the Complaint is illegible, except for the following excerpts:

> …recently got an email demand cryptocurrency, or 'Dark Web' would be used to [illegible] my life – employment, rent, etc. I wrote the FTC, and sent my email and report phishing. And I wrote www.IC3.gov. I [illegible phrase]: telephone abuse, hacking, tunnels, or neighbor, [illegible word] would stop. They really cause me pain, suffering, and hardship [illegible word]. Thank you.

In support, Ms. Berg provides ten separate letters from Equifax dated March 15, 2024, informing her that her settlement claims are incomplete.[13]

---

[7] Dockets 1 at 3 & 1-1 at 2–3.

[8] Docket 1 at 3.

[9] Docket 1 at 4.

[10] Docket 1 at 4.

[11] Dockets 1-1 at 45–48, 57–111; Docket 1-2 at 1–26.

[12] Docket 1 at 4.

[13] Docket 1-1 at 4–25.

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 3 of 17
Case 4:24-cv-00018-SLG   Document 6   Filed 10/23/24   Page 3 of 17

For relief, Ms. Berg seeks (1) $603, 226.00 in damages; (2) $50,000 in punitive damages; (3) an order requiring defendants to "not telephone abuse, hack, tunnel, or promise when they cannot give/reimburse"; (4) a declaration that "they will not request my more personal information from me. And that I was medical identify theft/and identify theft, because if found, reimbursement, [illegible phrase], and no telephone abuse, hacking, tunnels, [illegible phrase]."[14]

In addition to the exhibits noted above, Ms. Berg provided the Court with exhibits related to her finances,[15] documents from another settlement claim,[16] a statement made to the Fairbanks Police Department in 2013,[17] and numerous ex parte petitions for protective orders and the corresponding denial orders from trial courts in the Fourth Judicial District of the State of Alaska.[18]

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[19] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

---

[14] Docket 1 at 6.

[15] Docket 1-1 at 26–28, 37–38, 43–44.

[16] Docket 1-1 at 29–34.

[17] Docket 1-1 at 35.

[18] Docket 1-1 at 49–55; Docket 1-2 at 36–110.

[19] *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000).

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 4 of 17
Case 4:24-cv-00018-SLG    Document 6    Filed 10/23/24    Page 4 of 17

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[20]

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[21] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[22] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[23]

Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[24] Documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[25]

---

[20] 28 U.S.C. § 1915(e)(2)(B).

[21] See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citing Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[22] See Gordon v. City of Oakland, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir. 1988)).

[23] See Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

[24] United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

[25] Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended by 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details

Case No. 4:24-cv-00018-SLG; Berg v. Equifax Data Breach Settlement, et al.
Screening Order
Page 5 of 17
Case 4:24-cv-00018-SLG   Document 6   Filed 10/23/24   Page 5 of 17

## DISCUSSION

### I. Jurisdictional Requirements for Federal District Court

A federal district court is a court of limited jurisdiction, which means that it can only hear the types of cases allowed under federal law. Every civil action in a federal district court requires proper subject matter jurisdiction and standing. The Complaint at Docket 1 fails to properly establish these jurisdictional requirements. Therefore, the Complaint must be dismissed.

A. <u>Subject Matter Jurisdiction</u>

Jurisdiction is "[a] court's power to decide a case or issue a decree."[26] A court's subject matter jurisdiction is its "statutory or constitutional power to adjudicate a case."[27] As a federal court, this Court has limited subject matter jurisdiction. It possesses "only that power authorized by the Constitution and statute."[28] This means that the Court has the authority to hear only specified types of cases.[29] "In civil cases, subject matter jurisdiction is generally conferred upon

---

contrary to his claims").

[26] BLACK'S LAW DICTIONARY, (11th ed. 2019).

[27] *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 89 (1998).

[28] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g. A-Z Intern. V. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003).

[29] *See, e.g., United States v. Marks*, 530 F.3d 779, 810 (9th Cir. 2008), citing *DaimlerChrysler v. Cuno*, 547 U.S. 332, 342 (2006); *United States v. Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000).

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 6 of 17
Case 4:24-cv-00018-SLG   Document 6   Filed 10/23/24   Page 6 of 17

federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."[30]

### a. Federal Question Jurisdiction

Federal question jurisdiction provides a federal court the authority to consider cases brought under the United States Constitution or federal statutes.[31] The Complaint does not cite or reference the United States Constitution nor any federal laws. Rather, the Complaint infers contract and probate disputes that are generally resolved under state law and addressed by the state courts. The Complaint does not plead allegations that would invoke federal question jurisdiction.

### b. Diversity Jurisdiction

Alternatively, a federal court may exercise jurisdiction over state law claims when there is diversity of citizenship between the parties. The Complaint alleges contract disagreements and a dispute with the estate of her deceased father. Contract issues may be addressed in federal court, but only if diversity jurisdiction applies. But the probate exception to federal jurisdiction based on diversity jurisdiction "reserves to state probate courts the probate or annulment of a will and the administrative of a decedent's estate; it also precludes federal courts from

---

[30] *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).

[31] 28 U.S.C. § 1331.

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 7 of 17
Case 4:24-cv-00018-SLG   Document 6   Filed 10/23/24   Page 7 of 17

endeavoring to dispose of property that is in the custody of a state probate court."[32] Therefore, Ms. Berg's concern about her father's trust cannot be litigated in federal court.

Diversity jurisdiction requires that the plaintiff have "citizenship which is diverse from that of every defendant."[33] This means that this Court could have jurisdiction over a case (including one involving only state law issues) where the plaintiff demonstrates that she is a citizen of a different state than the state of citizenship of each of the defendants.[34] However, if any of the defendants are citizens of the same state as Ms. Berg, then no diversity jurisdiction exists. Additionally, diversity jurisdiction requires that actions between citizens of different states must involve an amount in controversy greater than $75,000.[35] The Complaint does allege an amount of damages sufficient to fulfill the amount in controversy, but it does not attribute those damages to any specific defendant or claim and it does not identify the state of citizenship of each party. Accordingly, the Complaint fails to establish diversity jurisdiction.

---

[32] *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).

[33] *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship")).

[34] *Id.* (quoting *Kokkonen*, 511 U.S. at 377).

[35] 28 U.S.C. § 1332(a).

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 8 of 17
Case 4:24-cv-00018-SLG   Document 6   Filed 10/23/24   Page 8 of 17

B. Standing

Those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement of showing an actual case or controversy under Article III of the U.S. Constitution.[36] To do so, a plaintiff must show she has: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[37] The requirements of standing maintain these jurisdictional limits by "identify[ing] those disputes which are appropriately resolved through the judicial process[.]"[38] A plaintiff, as the moving party, bears the burden of establishing standing. [39]

To establish injury in fact, a plaintiff must show that she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."[40] An alleged injury must be traceable to the defendant in order to meet standing requirements. "A federal court's jurisdiction . . . can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action[.]'"[41] "An injury

---

[36] U.S. CONST. art. III, § 2, cl. 1.; *see also Ariz. Christian Sch. Tuition Org. v. Winn,* 563 U.S. 125, 133 (2011).

[37] *Spokeo*, 578 U.S. at 338 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

[38] *Munns v. Kerry*, 782 F.3d 402, 409 (9th Cir. 2015).

[39] *Id*.

[40] *Lujan,* 504 U.S. at 560.

[41] *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (citing *Linda R. S. v. Richard D.*, 410 U.S. 614, 617

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 9 of 17
Case 4:24-cv-00018-SLG     Document 6     Filed 10/23/24     Page 9 of 17

sufficient to satisfy Article III must be 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[42]

Often referred to as causation, a plaintiff must show how the defendant's action, or lack thereof, caused his injury of common law, constitutional, or statutory rights.[43] Lastly, a plaintiff must demonstrate redressability. Redressability is the concept that a favorable judicial decision would remedy the plaintiff's injury.[44]

"Each element of standing must be supported with the manner and degree of evidence required at the successive stage of litigation."[45] At the pleading stage, a trial court accepts as true all material allegations of the complaint, including those that relate to standing, and construes the complaint in favor of the complaining party.[46] However, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[47]

The Complaint articulates five areas of concern to Ms. Berg. However, the Complaint does not provide sufficient factual detail that if later proven true, would

---

(1973)).

[42] *Munns*, 782 F.3d at 409 (quoting *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341, (2014)).

[43] *See Allen v. Wright*, 468 U.S. 737, 751 (1984).

[44] *See, e.g., United States v. Hays*, 515 U.S. 737, 743 (1995).

[45] *Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir. 2011).

[46] *Warth v. Seldin,* 422 U.S. 490, 501 (1975).

[47] Fed. R. Civ. P. 12(h)(3); *see also Arbaugh*, 546 U.S. at 514 (holding that "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety"); *see also Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004) (holding that a court is obligated to evaluate its subject matter jurisdiction in each case and to dismiss a case when such jurisdiction is lacking).

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 10 of 17
Case 4:24-cv-00018-SLG   Document 6   Filed 10/23/24   Page 10 of 17

be sufficient to state a claim for relief in federal court. Even liberally construing the large volume of exhibits with the corresponding concern of Ms. Berg, the Court does not find sufficient factual allegations to meet the three required elements of standing. In order to properly meet the standing requirements, Ms. Berg must plead sufficient factual allegations that establish (1) when and how she was injured; (2) how each defendant caused that injury; and (3) how a decision from this Court would remedy that injury.

In order to maintain a civil action in federal court, Ms. Berg must sufficiently plead allegations that invoke federal laws from either a federal question or a state law claim that meets the requirements of diversity jurisdiction. Additionally, Ms. Berg must meet the fundamental requirements of standing. The Complaint does not adequately demonstrate that this Court has jurisdiction. Therefore, the Complaint at Docket 1 must be dismissed.

## II. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[48] A claim is plausible

---

[48] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 11 of 17
Case 4:24-cv-00018-SLG    Document 6    Filed 10/23/24    Page 11 of 17

"when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[49]

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[50] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[51] A complaint is insufficiently pled if it offers "naked assertions devoid of further factual enhancement."[52] A plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.[53] Rule 8 requires "simplicity, directness, and clarity," such that a defendant should easily be able to determine "what he is being sued for."[54]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[55] However, a court is not required to

---

[49] *Ashcroft*, 556 U.S. at 678.

[50] Fed. R. Civ. P. 8(a)(2).

[51] *Ashcroft*, 556 U.S. at 678 (citing *Bell Atlantic Corp.*, 550 U.S. at 555).

[52] *Id.* (internal quotation marks and citation omitted).

[53] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[54] *McHenry v. Renne,* 84 F.3d 1172, 1178 (9th Cir. 1996).

[55]*Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 12 of 17
Case 4:24-cv-00018-SLG   Document 6   Filed 10/23/24   Page 12 of 17

accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[56] Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[57]

The Complaint identifies five areas of concern to Ms. Berg.  However, none of these five areas even with the associated exhibits provides sufficient factual detail to state a claim.   And, as noted above, any issues regarding her father's trust must be litigated in state court. In order to state a claim, Ms. Berg must plead with sufficient clarity each claim for relief separately.  Each paragraph in a complaint should be numbered, double-spaced, and either **legibly** handwritten or typewritten.  Each claim should identify (1) the specific harm that Plaintiff is alleging has occurred to her, (2) when that harm occurred, (3) where that harm was caused, and (4) who she is alleging caused that specific harm to her.  The Complaint at Docket 1 fails to state a claim; therefore, it must be dismissed.

### III.     Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[58]  Any claim not included in the amended complaint will be considered waived. However, an amended complaint should only contain a "short and plain statement of the

---

[56] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[57] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[58] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 13 of 17
Case 4:24-cv-00018-SLG   Document 6   Filed 10/23/24   Page 13 of 17

claim showing that the pleader is entitled to relief."[59] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove her case at the pleading stage.[60] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[61] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff is being given the opportunity to file an amended complaint, she shall not unjustifiably expand the scope of the case by alleging new unrelated claims.[62] An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

The amended complaint must contain separately numbered, clearly identified claims. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and no paragraph number being repeated anywhere in the complaint.[63] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a]

---

[59] Fed. R. Civ. P. 8(a)(2).

[60] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[61] Fed. Rule Civ. Proc. 8(a)(2).

[62] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

[63] A complaint must consist of continuously numbered paragraphs from beginning to end; do not

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 14 of 17
Case 4:24-cv-00018-SLG     Document 6     Filed 10/23/24     Page 14 of 17

party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." And an amended complaint should contain only those facts needed to show how each defendant legally wronged the plaintiff. Neither the Court nor the defendants are required to search through a plaintiff's complaint and any attached exhibits in an effort to try to pull out facts and allegations regarding each defendant.

**IT IS THEREFORE ORDERED:**

1. Ms. Berg's ("Plaintiff") Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint in accordance with the guidance provided in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff restates the claims to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

---

start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 15 of 17
Case 4:24-cv-00018-SLG   Document 6   Filed 10/23/24   Page 15 of 17

3. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Plaintiff's application to waive prepayment of the filing fee at Docket 3 is **GRANTED**.

5. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[64] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

6. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[65] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of

---

[64] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[65] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 16 of 17
Case 4:24-cv-00018-SLG   Document 6   Filed 10/23/24   Page 16 of 17

Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

8. With this order, the Clerk is directed to send: (1) form PS22, with "FIRST AMENDED" written above the title "Pro Se Complaint"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 23rd day of October 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:24-cv-00018-SLG; *Berg v. Equifax Data Breach Settlement, et al.*
Screening Order
Page 17 of 17
Case 4:24-cv-00018-SLG   Document 6   Filed 10/23/24   Page 17 of 17