IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SUSAN BERG,

          Plaintiff,

v.

EQUIFAX DATA BREACH SETTLEMENT, et al.,

          Defendants.

Case No. 4:24-cv-00018-SLG

## ORDER OF DISMISSAL

On May 24, 2024, self-represented litigant Susan Berg (Plaintiff) initiated this action by filing a Complaint, a civil cover sheet, and an application to waive the filing fee.[1] The Court screened the Complaint, found it deficient, but granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal.[2] On November 19, 2024, Plaintiff filed a Notice of Voluntary Dismissal, and this case was closed.[3] On May 8, 2025, Plaintiff filed a motion requesting the Court reopen this case.[4] On May 14, 2025, the Court granted Plaintiff's motion to reopen,[5] and on June 26, 2025, Plaintiff filed a First Amended Complaint (FAC).[6] The order reopening this case instructed Plaintiff that all filings must be legible and each

---

[1] Dockets 1–3.

[2] Docket 6.

[3] Dockets 7–8.

[4] Docket 10.

[5] Docket 9–10.

[6] Docket 11.

paragraph in an amended complaint must be numbered.[7]

The Court has now screened Plaintiff's FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The FAC is typed and double-spaced, and there are some numbered paragraphs. However, upon review, the FAC suffers from the same deficiencies identified in the Court's Screening Order regarding the initial Complaint.[8] The FAC does not clearly identify each claim that Plaintiff is attempting to assert, and even liberally construed, fails to state a plausible claim for which relief may be granted. Further, the FAC attempts to add new factual and legal issues such as sexual harassment, domestic violence, excessive force by police, issues with public housing, and criminal activity involving multiple entities and individuals spanning over numerous years.[9] The Court will not consider Plaintiff's new claims, which are outside the scope of the leave to file an amended complaint that was granted.

Upon review, the Court finds that the FAC must be dismissed for failure to state a claim. The Court further finds that allowing leave to file an amended complaint would be futile.[10] Therefore, this case must be dismissed.

---

[7] Docket 10 at 1. *See also* Docket 6 at 13

[8] *See* Docket 6.

[9] *See, e.g.,* Docket 11 at 5, 11, 13 (describing events that allegedly occurred in 2003, 1995, and 1993).

[10] *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because the defects in the complaint could not be cured by additional factual allegations); *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (affirming denial of leave to amend where amendment would be futile because plaintiffs failed to allege a viable legal theory).

Case No. 4:24-cv-00018-SLG, *Berg v. Equifax Data Breach Settlement, et al.*
Order of Dismissal
Page 2 of 3
Case 4:24-cv-00018-SLG     Document 12     Filed 10/28/25     Page 2 of 3

IT IS THEREFORE ORDERED:

1. This action is **DISMISSED.**

2. All pending motions are **DENIED as moot.**

3. With this order, the Clerk shall send one copy of the Court's Screening Order at Docket 6.

4. The Clerk shall issue a final judgment and close this case.

DATED this 28th day of October, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

Case No. 4:24-cv-00018-SLG, *Berg v. Equifax Data Breach Settlement, et al.*
Order of Dismissal
Page 3 of 3
Case 4:24-cv-00018-SLG   Document 12   Filed 10/28/25   Page 3 of 3